IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:08-CR-91-BR
NO. 5:11-CV-178-BR

| | | |
|---|---|---|
| TIMOTHY LINDSEY, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on the government's motion to dismiss petitioner's motion filed under 28 U.S.C. § 2255. Petitioner filed a response in opposition to the government's motion.

On 8 September 2008, petitioner pled guilty to bank robbery. On 1 December 2008, the court sentenced petitioner to a term of imprisonment of 151 months. At sentencing and over defendant's objection, the court found that defendant was subject to the career offender enhancement pursuant to U.S.S.G. § 4B1.1. Specifically, the court found that defendant's 2007 North Carolina conviction for breaking and entering is a "crime of violence" under § 4B1.1.[1] Defendant appealed his sentence. He raised a number of issues on appeal but relevant here is the Fourth Circuit's examination of whether this court erred in sentencing him as a career offender:

> Lindsey contends that the district court's decision that his prior conviction for breaking and entering is a crime of violence within the meaning of § 4B1.2(a)(2) should be reviewed in light of the Supreme Court's decision in Begay v. United States, 128 S. Ct. 1581 (2008) (holding that a "violent felony" under the "otherwise" clause in 18 U.S.C. § 924(e) (2006) must be roughly similar to enumerated crimes), and Chambers v. United States, 129 S. Ct. 687 (2009) (holding, in accord with Begay, that failure to report

---

[1] Defendant also had a prior federal conviction for bank robbery, which is a "crime of violence" under § 4B1.1, see U.S.S.G. § 4B1.2, App. Note 1 ("'Crime of violence' includes . . . robbery . . . ."), and was the other predicate conviction for the career offender enhancement to apply, see U.S.S.G. § 4B1.1 (to qualify as a career offender, the defendant must have "at least two prior felony convictions of either a crime of violence or a controlled substance offense.").

> for penal confinement is not a violent felony under § 924(e)). . . .
> We look to our case law interpreting both the terms "crime of violence" under § 4B1.1 and "violent felony" under § 924(e) because the language defining these terms is "nearly identical . . . and materially indistinguishable." Burglary of a dwelling is one of the crimes enumerated in § 4B1.2(a)(2) as a crime of violence. As Lindsey concedes, the North Carolina offense of breaking and entering is "generic burglary." Thus, Lindsey was properly sentenced as a career offender.

United States v. Lindsey, No. 08-5193, slip op. at 4-5 (4th Cir. Nov. 24, 2009) (some citations omitted).

Petitioner contends that he is entitled to habeas relief because the 2007 North Carolina judgment erroneously indicated that he pled guilty to breaking and entering, rather than that he pled guilty only to larceny. (Pet., Appx., DE # 50-1, at 1; see also 6/13/07 J., DE # 50-2.) Petitioner claims that there are two ongoing state proceedings in which he seeks relief in the form of amending or otherwise "correcting" the 2007 judgment to reflect that petitioner was convicted only of larceny. (Pet., Appx., DE # 50-1, at 2.) He requests that this court hold the § 2255 motion in abeyance pending conclusion of the state proceedings, and once the 2007 judgment is presumably corrected, the court resentence him without the career offender enhancement. (Id.)

The government argues that the § 2255 motion should be dismissed because petitioner raised this same issue on appeal and therefore he cannot litigate it anew in this § 2255 proceeding. While the court agrees with the general proposition that issues previously decided on direct appeal cannot provide a basis for habeas relief, see Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (recognizing that a petitioner cannot "recast, under the guise of collateral attack, questions fully considered by this court"), the court rejects the government's argument that the Fourth Circuit decided the precise issue that petitioner now raises. The Fourth Circuit decided whether a North Carolina conviction for breaking and entering qualifies as a

2

"crime of violence" under the career offender enhancement. See Lindsey, slip op. at 4-5. The court did not assess whether petitioner was in fact convicted of breaking and entering.

Although the Fourth Circuit did not previously decide this issue on direct appeal, petitioner's claim is not ripe for review. As petitioner acknowledges, the state court has not yet amended the 2007 judgment. Until it does, this court cannot proceed to exam the merits of petitioner's habeas claim. Under these circumstances, it is proper to dismiss the motion without prejudice to petitioner refiling the motion, rather than to hold the motion in abeyance. See United States v. Venson, 295 F. Supp. 2d 630, 633-34 (E.D. Va. 2003) (recognizing that where the defendant was seeking to invalidate state predicate conviction used to classify him as a career offender and habeas claim is based on invalidation of the conviction, habeas motion should be denied as premature, subject to defendant refiling the motion in the event the predicate conviction is invalidated).

Accordingly, the § 2255 motion is DISMISSED WITHOUT PREJUDICE to petitioner's refiling of the motion. The court emphasizes that even if petitioner is ultimately successful in having his 2007 conviction "corrected," he is not automatically entitled to relief upon the refiling of his § 2255 motion. Petitioner has an obligation to timely refile the motion upon correction of the conviction, see id., 295 F. Supp. 2d at 634, and has the burden to show that his sentence is unlawful based on one of § 2255's specified grounds, see United States v. Pettiford, 612 F.3d 270, 277-78 (4th Cir.) (holding that although two of the defendant's five convictions used to support the armed career criminal designation were vacated, the defendant was not entitled to relief because three predicate convictions remained on his record and thus his sentence was not unlawful), cert. denied, 131 S. Ct. 620 (2010). The government's motion is DENIED. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255

Proceedings, a certificate of appealability is DENIED.

This 12 July 2011.

_____
W. Earl Britt
Senior U.S. District Judge